**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ltfisher@bursor.com
  lsironski@bursor.com
  idiaz@bursor.com

**SINDERBRAND LAW GROUP, PC**
Gregory Marc Sinderbrand (State Bar No. 179586)
5805 Sepulveda Blvd., Suite 801
Sherman Oaks, CA  91411
Telephone: (818) 3703912
Email: greg@sinderbrandlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL SCOTT, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>ZENWISE LLC,<br>     Defendant. | Case No. 2:24-cv-4673<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Carol Scott ("Plaintiff") brings this action on behalf of herself, and all others similarly situated against Defendant Zenwise LLC ("Defendant" or "Zenwise"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF ACTION

1.      This is a putative class action against Defendant Zenwise for deceptive sales practices regarding its Digestive Enzymes and No Bloat dietary supplement products (the "Product(s)").[1]

2.      Gas and bloating are common ailments in society. Abdominal bloating "is a very common symptom that affects 10-30% of people."[2] Similarly common, excessive gas, is a symptom that often accompanies bloating.[3] Gas and bloating commonly affect people who are suffering from health conditions such as irritable bowel syndrome (IBS).[4] These conditions, can lead to serious implications to a person's quality of life. When dealing with bloating and excessive gas, people report "significant difficulties … [in their] ability to work and participate in social or recreational activities."[5] For example a study measuring people's answer to an intestinal gas questionnaire found that out of the respondents that reported gastrointestinal symptoms, 53.8% of them reported pain and discomfort (compared

---

[1] This includes the Zenwise Digestive Enzymes – Probiotic Multi Enzymes with Probiotics and Zenwise NO BLOAT Probiotics, Digestive Enzymes for Bloating. Both Products use the same active ingredients in similar doses and are for purposes of this action substantially similar.

[2] Syed Thiwan, *Abdominal Bloating: A Mysterious Symptom*, UNC SCHOOL OF MEDICINE, https://www.med.unc.edu/ibs/wp-content/uploads/sites/450/2017/10/Abdominal-Bloating.pdf.

[3] *Id.*

[4] *Id.*

[5] *Id.*

---

to only 21.1% of respondents that reported no gastrointestinal symptoms).[6] In regards to carrying out usual activities, 22.6% of survey respondents reported some problems and 1.9% reported extreme problems (compared to 8.6% and 0.6%, respectively, from respondents without gastrointestinal symptoms).[7] The study further found that the survey scores were worse for women compared to men and noted that this outcome was confirmed by existing literature that has also found that gastrointestinal issues (such as gas and bloating) are perceived to be worse by women and have a bigger effect on women's quality of life.

3. While gas and bloating are common issues, treatment in a formal setting with a medical provider is not.[8] A Cedars-Sinai study found that 58.5% of respondents "said they have never sought care for their symptoms." Some reasons respondents reported for not seeking medical treatment for bloating were that "they were able to manage it with over-the-counter medications or lifestyle changes (20.8%)" and that "they weren't comfortable discussing bloating with a healthcare provider (8.5%)."[9]

4. So, rather than seeking treatment through medical providers, many people, including Plaintiff, seek an over-the-counter solution. And in response, a whole cottage industry has emerged – offering up over-the-counter solutions that claim to alleviate gas and bloating. The products have been highly lucrative, with

---

[6] Martin Duracinsky, Sharon Archbold, Beatriz Lobo, Pasccal Bessonneau, Frédérique Thonon, Javier Santos, Danila Guagnozzi, Nalin Payakachat, Benoit Coffin, Fernando Azpiroz, Peter J. Whorwell, and Olivier Chassany, *The Intestinal Gas Questionnaire (IGQ): Psychometric validation of a new instrument for measuring gas-related symptoms and their impact on daily life among general population and irritable bowel syndrome*, 34 NEUROGASTROENTEROL MOTIL (2022) https://www.ncbi.nlm.nih.gov/pmc/articles/PMC9285021/.

[7] *Id.*

[8] Cedars Sinai, *Bloating Common Issue Among Americans, Study Reports*, (Nov. 24, 2022), https://www.cedars-sinai.org/newsroom/bloating-common-issue-among-americans-study-reports/.

[9] *Id.*

---

the digestive health supplements market reaching approximately $16.5 billion in the U.S. in 2022.

5.    Zenwise markets its Products as a solution to a general population of consumers who suffer from gas and bloating.  Defendant manufactures, distributes, advertises, and sells the Products throughout the United States.  It markets and sells the Products as a complete solution that "ACTS FAST," and is "Clinically Proven [to] Work in Hours."[10]

6.    But Zenwise's promises to quickly get rid of gas and bloating are not true.  Plaintiff's counsel engaged an expert physician who reviewed the published scientific literature regarding the primary ingredients in the Products and discovered the truth: the Claims are false and deceptive because the Products cannot do what Defendant claims they can do.

7.    Specifically, the Products do not include ingredients clinically proven to quickly provide gas and bloating relief and the scientific literature shows the ingredients cannot and do not provide the promised results if taken as directed.

8.    Defendant failed to disclose these material facts anywhere on the Products' labeling, packaging, or marketing materials, and Defendant intended consumers to rely on its labeling, packaging, or marketing, in making their purchasing decisions.  Through its conduct, Defendant has violated California state consumer protection laws in the process.

9.    Had Plaintiffs and all other similarly situated consumers known that contrary to Defendant's representations, the Products do not perform as advertised, they would have paid less for the Product or not purchased it at all.

10.    Accordingly, Plaintiff brings her claims against Defendant individually and on behalf of a class of all others similarly situated for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (2) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (3)

---

[10] *See* Figures 1-5 below.

violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.; (4) Fraud; (5) Fraudulent Inducement; (6) Fraudulent Misrepresentation; (7) Breach of Express Warranty; (8) Breach of Implied Warranty; and (9) Unjust Enrichment.

## THE PARTIES

11.     Plaintiff Carol Scott is a resident of California who resides in Sherman Oaks, California.  Plaintiff Scott purchased the Products from Amazon on January 20, 2024.  At the time of her purchase, Plaintiff Scott visited the Amazon website from her home computer and reviewed Defendant's marketing materials and claims related to the Products, including those set forth in paragraphs 24-26 below.  Plaintiff Scott understood that based on Defendant's claims, the Products contained ingredients that were clinically proven to quickly provide (within hours) relief from gas and bloating (in the case of the No Bloat product – complete relief from bloating).  Plaintiff Scott reasonably relied on these representations and warranties in deciding to purchase the Products, and these representations and warranties were part of the basis of the bargain in that she would not have purchased the Products, or would not have purchased them on the same terms, if the true facts had been known. Further Plaintiff Scott used the Products as directed on the label and experienced no gas or bloating relief.  As a direct result of Defendant's material misrepresentations and omissions, Plaintiff Scott suffered and continues to suffer, economic injuries.

12.     Defendant Zenwise LLC ("Defendant") is a limited liability company registered in Delaware with its principal place of business in Orlando, Florida. Zenwise manufactures, sells, and/or distributes the Products, and is responsible for the advertising, marketing, trade dress, and packaging of the Products online and through various retailers throughout the United States.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"),

because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of different states than Defendant.

14.    This Court has personal jurisdiction over Defendant because Defendant transacts substantial business in this District, has substantial aggregate contacts with this District, engaged in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout this District, and purposefully availed itself of the laws of the State of California in this District, because the acts and transactions giving rise to this action occurred in this District.

15.    This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to Plaintiff's claims herein occurred in this District.

## FACTUAL ALLEGATIONS

16.    Plaintiff's counsel engaged an expert physician with extensive experience in digestive enzyme and probiotic research to review the scientific literature around the use of the relevant ingredients included in the Products and to evaluate the claims Defendant makes on the Products' labels and in advertising. Based on this review, the expert concluded that Defendant's claims at set forth in paragraphs 24-26 below are false and misleading.  The following background information on how probiotics and digestive enzymes work, and the evaluation of Defendant's label claims are all based on the medical expert's analysis.

### A.    How Probiotics and Digestive Enzymes Work

17.    Probiotics are live microorganisms that occur naturally in some foods (such as yogurt and kimchi) or can be ingested through dietary supplements. Probiotics are beneficial bacteria or yeast, similar to the beneficial bacteria that exist naturally in the human gut.  The health benefits of probiotic consumption include

balancing the natural bacteria already existing in the gut which helps with gastrointestinal health and the immune system.

18.    Although proven to lead to health benefits, probiotic supplements are not an immediate solution.  Positive health effects will not occur immediately, but instead will arise gradually over time and may not even be noticeable. The effects of taking probiotic supplements depend on the individual taking them, the dosage, and the probiotic strain taken.

19.    One such probiotic strain that has been studied and found to promote gut health is DE111, a strain of *Bacillus subtilis*.  Studies have found a variety of health benefits from the use of DE111, such as an increase in normal stools, increased bowel movements per day, and improvement in microbiome diversity.

20.    However, research has not supported that DE111 is effective in combatting gas and bloating.  Nor has research on the general use of *Bacillus subtilis* supplements supported its use in eliminating or even reducing gas and bloating.

21.    Notably, research on DE111 typically has been conducted in 3-6 week periods.  This underscores the fact that health effects from supplementation are not immediate and may take weeks to months to appear.

22.    Digestive enzymes are "proteins that break down larger molecules like fats, proteins, and carbs into smaller molecules that are easier to absorb across the small intestine."[11]  Different types of digestive enzymes will break down different kinds of nutrients.  For example, lipases are a group of enzymes that help break down fats in the gut.  Amylase enzymes break down carbohydrates into smaller molecules like glucose and maltose.  And proteases are enzymes that break down protein into smaller peptides and amino acids.

23.    While these kinds of digestive enzymes at specific dosage levels *can* be helpful for a narrow population of consumers that suffer from digestive disorders, the

---

[11] https://www.healthline.com/nutrition/natural-digestive-enzymes#TOC_TITLE_HDR_12

scientific literature establishes that the digestive enzymes included in the Zenwise formulations, if taken as directed, cannot and do not provide fast acting or total relief from gas and bloating to a general population of consumers.

**B.    False and Misleading Product Claims**

24.    Defendant makes a number of false and misleading claims on its Products' labels that give consumers the impression that its Products are fast-acting (within hours) at reducing gas and bloating. *See* Figure 1. Specifically, Defendant makes claims on the Zenwise Digestive Enzymes Product label that the Product contains "FAST ACTING PROBIOTICS," and is "Clinically Proven Works in Hours." *See* Figure 1. Defendant makes similar claims on its No Bloat Product such as that the Product contains a "Clinically Proven Probiotic," "Acts Fast," and provides "Fast Gas & Bloating Relief." *See* Figure 1.

1
2
3
4
5
6
7
8
9
10
11
12

 

**Figure 1**

13

14    25.    Defendant makes similar false and misleading claims about its Products

15  in its marketing and advertising materials.  For example, when consumers purchase

16  the Products on Defendant's Amazon store, they will come across the following

17  materials for the Digestive Enzyme Product.  *See* Figures 2-3.  These include false

18  and misleading claims that the Digestive Enzyme Product includes "Probiotics That

19  Are Clinically Proven to Reduce Gas and Bloating in Hours" and that it "Work[s] in

20  Hours not Weeks."

21
22
23
24
25
26
27
28



**Figure 2**

**About this item**

- Digestive Enzymes + Probiotics + Prebiotics: Convenient 3-in-1 home or on-the-go gut support solution for relief from occasional bloating, gas, and discomfort from hard to digest foods.
- Lab Proven Multi Enzyme Blend: Shown to digest foods up to 39% morecompletely and 2 hours faster than your body can on its own. Perfectfor gluten exposure or Keto and Paleo diets.
- Clinically Proven DE111 Probiotic: Guaranteed to arrive alive and work within hours in small intestine where 90% of nutrient absorption occurs.
- Botanical Bounty: Turmeric, Ginger, Green Papaya, Inulin, Apple Pectin, Bladderwrack, Fennel, and Wakame all aid gut health and stomach comfort.
- 15 Count Single Empty Tin + 180 Count Tin Replenishment: We suggest taking 1 capsule before each meal or drink to experience digestive delight.

**Figure 3**

26.     Defendant makes similar false and misleading claims on the marketing and advertising on its Amazon store page for its No Bloat Product.  For example, aside from the name of the product "No Bloat" which, in it of itself, is an express claim that the products eliminates bloating if taken as directed, Defendant claims that the Product will "Banish Bloating," includes a "Clinically Proven Probiotic," and "works within hours."  *See* Figures 4-5.



**Figure 4**

**About this item**
- Banish Bloating: Your best solution for prompt bloat relief to help you feel lighter and better. With digestive enzymes, clinically proven probiotics, and organic botanicals, NO BLØAT helps breakdown lactose and offers support for the gas and bloating that's at the root of your belly discomfort.
- Gut Love Starts With Digestive Enzymes: Our BioCore Optimum Complete Digestive Enzymes Blend aids digestion by helping break down hard-to-digest foods you eat that can lead to food, alcohol and water retention bloating, gas, and digestive woes.
- Clinically Proven DE111 Probiotic: 1 Billion CFUs of DE111 that works in hours! This unique spore-forming probiotic is guaranteed to survive passage through to the small intestine where it helps your body absorb the nutrients from foods.
- Organic Digestive Botanical Blend: Includes herbs and greens including Turmeric, Ginger, Dandelion Extract, Fennel Seed Powder, and Cinnamon Extract for digestive mobility support, and a happy, healthy GI tract.
- 50 Serving Supply: Includes 1 (100 Count) Zenwise NO BLØAT. We suggest taking 2 capsules daily after a meal for optimal support.

## **Figure 5**

**C.    Defendant's Misrepresentations and Omissions Are Actionable**

27.    According to Plaintiff's medical expert, Defendant's Products do not contain clinically proven ingredients that are capable of providing fast gas and bloating relief, let alone complete relief.

28.    Specifically, the medical expert opined that the enzyme blend included in the Products is not potent enough to provide relief for gas and bloating when taken as directed.  For example, studies measuring the effect of the enzyme α-galactosidase (an enzyme Defendant includes in its Products) at a dose of 1200 GalU, have shown no statistically significant results in regard to fast acting relief from gas and bloating. Notably, the dosage in these studies is at least *four* times the dosage included in the Products.  Other studies that measured the lactase enzyme (also in the Products) have shown positive effects on gastrointestinal symptoms for dosages between 3000 and 9000 ALU, which is significantly more than the dosage in the Products.

29.    While Defendant makes claims about the probiotics in the Products being clinically proven to provide gas and bloating relief within hours, including the DE111 probiotic, Plaintiff's medical expert concluded that because studies

conducted on DE111 do *not* show gas and bloating relief, the "clinically proven" claims are false. Further, Plaintiff's medical expert opined that it is highly deceptive to suggest that the probiotics work within hours because, even though research has found that the DE111 probiotic can survive transit to reach the small intestine and start germinating within hours of ingestion, it has not been shown, nor is it true, that it works within hours to ***provide relief***.

30. Further Plaintiff's medical expert opined that Defendant's claims on the Products, "No Bloat" and "Banish Bloating" (which imply that the Products will eliminate bloating) are scientifically impossible because there is no known product or ingredient in the scientific literature that has been shown to completely eliminate bloating for a general population of consumers who suffer from these symptoms.

31. In sum, the expert's findings were that Defendant's claims that its Products would provide fast relief for gas and bloating were neither clinically proven, nor were the Products capable of providing the promised results at the dosages Defendant recommends. Therefore, the expert concluded that all of the claims discussed are false and deceptive.

32. Plaintiff purchased the Products with the expectation that the Products were capable of providing fast relief of her gas and bloating symptoms. Plaintiff also reasonably believed that Defendant had clinical evidence to support these purported benefits . Had she known that these efficacy claims were false, and that the Products do not contain ingredients that are "clinically proven" to provide the promised results she would not have purchased them.

33. Further, Plaintiff and the Class were injured by the full purchase price of the Products because the Products are worthless, as they are marketed as being clinically proven to provide the promised to quickly relieve gas and bloating symptoms when they are not in fact clinically proven to provide the promised results and are incapable of providing the promised results if taken as directed.

### C.    Marketplace Success of Products

34.    With knowledge that a general population of vulnerable consumers suffer from debilitating gas and bloating issues, Defendant has deployed a sophisticated, uniform marketing campaign for the Products, including on Amazon and on social media platforms such as TikTok.  This false advertising scheme has worked.  The Company has lined its pockets with tens of millions of dollars in ill-gotten gains from consumers.

35.    The Digestive Enzymes product has now achieved #1 Best Seller status on Amazon with over 65,000 reviews and over 10,000 units sold in the past month as of May 2024 (Figure 6).  The Company even touts in its advertising how the Products have gone "viral."  *See* Figure 1.



Zenwise Health Digestive Enzymes - Probiotic Multi Enzymes with Probiotics and Prebiotics for Digestive Health and Bloating Relief for Women and Men, Daily Enzymes for Gut and Digestion - 180 Count

Visit the Zenwise Health Store

4.4 ★★★★☆ ⌄ | 65,571 ratings | Search this page

#1 Best Seller in Bromelain Nutritional Supplements

10K+ bought in past month

### Figure 6

### FED. R . CIV. P. 9(b) ALLEGATIONS

36.    Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

37.     WHO: Defendant made material omissions of fact in its advertising of the Products by omitting that they are not capable of providing fast acting gas and bloating relief (or complete elimination of bloating) and that they do not contain clinically proven ingredients that can provide such relief (collectively the "Advertised Benefits").

38.     WHAT: Defendant's conduct was and continues to be fraudulent and deceptive because it has the effect of deceiving consumers into believing that the Products are able to provide the Advertised Benefits.  Defendant failed to disclose to Plaintiff and Class Members that the Products do not provide the Advertised Benefits.  Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions.  Yet, Defendant has omitted from the labeling and advertising of its Products the fact that they cannot provide the Advertised Benefits.

39.     WHEN: Defendant omitted from its advertising and labeling of the Products the fact that they are not capable of providing the Advertised Benefits continuously throughout the applicable statutory periods, including at the point of sale.

40.     WHERE: Defendant's omissions were made through its own marketing materials, on its website, and product pages of secondhand sellers for Defendant's Products (such as Amazon) and were thus viewed by every purchaser, including Plaintiff, at the point of sale in every transaction.  The Products are sold in brick-and-mortar stores and online nationwide.

41.     HOW: Defendant omitted from the Products' advertising and labeling the fact that they are not capable of providing the Advertised Benefits.  And as discussed in detail throughout the Complaint, Plaintiff and Class Members read and relied on Defendant's omissions before purchasing the Products.

42.     WHY: Defendant omitted from the advertising and labeling of the Products that they are not capable of proving the Advertised Benefits for the express

purpose of inducing Plaintiff and Class Members to purchase the Products for more than they would have paid had they known the truth about the Products. As such, Defendant unlawfully profited by selling the Products to thousands of consumers throughout the nation, including Plaintiff and the Class Members.

## CLASS ALLEGATIONS

43.     Plaintiff brings this class action pursuant to 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of a class defined as all persons in the United States who purchased the Products (the "Class"). Excluded from the Class are persons who made such purchases for purposes of resale.

44.     Plaintiff also seeks to represent a subclass of all Class Members who purchased the Products in the State of California (the "California Subclass"). Excluded from the California Subclass are persons who made such purchases for purpose of resale.

45.     As a result of additional information obtained through further investigation and discovery, the above-described Classes may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

46.     ***Numerosity***: Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, the Classes includes thousands of consumers. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class Members may be notified of the pendency of this action by mail, email, and/or publication.

47.     ***Commonality and Predominance***: Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to:

> (a)     whether the Products include ingredients that are clinically proven to provide the Advertised Benefits;

(b)    whether the Products are capable of providing the Advertised Benefits (e.g., whether the Products are capable of providing relief from gas and bloating in a fast-acting manner (i.e., within hours);

(c)    whether Defendant's representations about the Products' capabilities and the Products being clinically proven included false and/or misleading statements and/or omissions;

(d)    whether Defendant has been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon it by Plaintiff and the Classes;

(e)    whether Plaintiffs and the Class sustained damages with respect to the common law claims asserted, and if so, the proper measure for their damages;

48.    With respect to the California Subclass, additional questions of law and fact common to the members include whether Defendant violated the California Consumers Legal Remedies Act as well as the California Unfair Competition Law.

49.    *Typicality:* Plaintiff's claims are typical of the claims of the proposed Classes she seeks to represent because Plaintiff, like all members of the Classes, was induced by Defendant's false and misleading statements to purchase Defendant's Products and subsequently did purchase Defendant's Products during the relevant class periods without knowing that Defendant's claims about the Products' purported "clinically proven" benefits to quickly relieve gas and bloating were false and misleading.  Plaintiff, like all members of the Classes, has been damaged by Defendant's misconduct in the very same way as the members of the Classes. Further, the factual bases of Defendant's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

50.    *Adequacy:* Plaintiff is an adequate representative of the Classes she seeks to represent because her interests do not conflict with the interests of the members of the Classes, she has retained counsel competent and experienced in

prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

51.    ***Superiority***: A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of the Classes.  Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also represents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

52.    Defendant has acted or failed to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

53.    Without a class action, Defendant will continue a course of action that will result in further damages to the Plaintiff and Members of the Classes and will likely retain the benefits of wrongdoing.

54.    Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

## COUNT I
### (Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.) On Behalf of Plaintiff and the California Subclass

55.     Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

56.     Plaintiff brings this claim individually and on behalf of the California Subclass against Defendant.

57.     California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." For the reasons discussed above, Defendant has engaged in unlawful, unfair, and fraudulent business acts or practices in violation of California Business & Professions Code § 17200.

58.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

59.     Defendant has violated the UCL's proscription against engaging in **Unlawful Business Practices** as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9) as alleged below, and violations of California's False Advertising Law, in addition to breaches of warranty and violations of common law.

60.     As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers. In addition, Defendant has committed unlawful business practices by, inter alia, making the representations and omissions of material facts, as set forth more fully herein, and violating the common law.

61.     Plaintiff and the California Subclass Members reserve the right to allege other violations of law which constitute other unlawful business acts or practices.

62.   Defendant has also violated the UCL's proscription against engaging in **Unfair Business Practices**.  Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200 *et seq*. in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

63.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein as noted above.

64.   Defendant has further violated the UCL's proscription against engaging in **Fraudulent Business Practices**.  Defendant's claims, nondisclosures and misleading statements with respect to the Product, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200.

65.   Plaintiff and the other California Subclass Members suffered a substantial injury by virtue of buying Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the efficacy of the Products.

66.   There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the true nature of the Products.

67.   Plaintiff and the other California Subclass Members had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

68.   The gravity of the consequences of Defendant's conduct as described in this Complaint outweighs any justification, motive, or rationale, particularly considering the available legal alternatives which exist in the marketplace, and such

conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other California Subclass Members.

69.    Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to (a) provide restitution to Plaintiff and the other California Subclass Members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff's and the California Subclass' attorneys' fees and costs.

## <u>COUNT II</u>
**(Violation of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code § 1750, *et seq.*)
(Injunctive Relief Only)**

70.    Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

71.    Plaintiff brings this claim individually and on behalf of the California Subclass against Defendant.

72.    Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

73.    Civil § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

74.    Civil § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

75.    Defendant violated Civil Code §§ 1770(a)(5), (a)(7), and (a)(9) by holding out the Product as containing ingredients that are clinically proven to provide gas and bloating relief, being clinically proven to act fast (i.e., within hours), and as being capable of alleviating bloating and gas symptoms if taken as directed

when in fact the ingredients in the Products are not clinically proven to provide the promised results and are not capable of providing the promised results if taken as directed.

76.     Defendant had and has exclusive knowledge of the Products' composition and efficacy, which was not known to Plaintiff or California Subclass Members.

77.     Defendant made partial representations to Plaintiff and California Subclass Members, while suppressing the true nature of the Products.  Specifically, by displaying the Products and describing that they include clinically proven ingredients and are and capable of providing fast-acting relief of gas and bloating, including on the Products' packaging, on its website, on its Amazon website, and in its marketing, without disclosing that the ingredients in the Products were neither clinically proven nor capable of providing the promised results if taken as directed. Moreover, Defendant affirmatively misrepresented the Products despite its knowledge that the Products was unable to provide the Advertised Benefits.

78.     Plaintiff and the California Subclass Members have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for the Products that they otherwise would not have incurred or paid, and were unknowingly exposed to a significant and substantial health risk.

79.     On February 26, 2024, prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a CLRA notice letter, which complied in all respects with California Civil Code § 1782(a).  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom.  The letter stated that it was sent on behalf of all other similarly situated purchasers.

80.     Defendant failed to remedy the issues raised in the notice letter. Accordingly, Plaintiff seeks damages from Defendant for its violations of the CLRA.

81.     Injunctive relief is also appropriate, and indeed necessary, to require Defendant to provide full and accurate disclosures regarding the Products so that Plaintiff and Subclass Members can reasonably rely on Defendant's representations as well of those of Defendant's competitors who otherwise may have an incentive to follow Defendant's deceptive practices, further misleading consumers.

**COUNT III**
**(Violation of California's False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500, *et seq*.)**
**On Behalf of the California Subclass**

82.     Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

83.     Plaintiff brings this claim individually and on behalf of the California Subclass against Defendant.

84.     Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive California Subclass Members and the public. As described above, and throughout this Complaint, Defendant misrepresented the Products as containing ingredients clinically proven to provide fast gas and bloating relief and that the Products were capable of providing gas and bloating relief if taken as directed.

85.     By its actions, Defendant disseminated uniform advertising regarding the Products to and across California.  The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of Cal. Bus. & Prof. Code § 17500, *et seq*.  Such advertisements were intended to and likely did deceive the consuming public for the reasons detailed herein.

86.     The above-described false, misleading, and deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant failed to disclose that the Products' ingredients are not clinically proven to provide the promised results and that the Products are not capable of providing the promised results if taken as directed.

87.    Defendant continues to make the above referenced misrepresentation of the Products to consumers that the Products.

88.    In making and disseminating these statements, Defendant knew or should have known its advertisements were untrue and misleading in violation of California law.  Plaintiff and other Class Members based their purchasing decisions on Defendant's misrepresentations and omitted material facts.  The revenue attributable to the Products sold in those false and misleading advertisements likely amounts to tens of millions of dollars.  Plaintiff and Class Members were injured in fact and lost money and property as a result.

89.    The misrepresentations and non-disclosures by Defendant of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute a violation of Cal. Bus. & Prof. Code § 17500, *et seq*.

90.    As a result of Defendant's wrongful conduct, Plaintiff and Class Members lost money in an amount to be proven at trial.  Plaintiff and Class Members are therefore entitled to restitution as appropriate for this cause of action.

91.    Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

### COUNT IV
**(Fraud)**
**On Behalf of the Classes**

92.    Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

93.    Plaintiff brings this claim individually and on behalf of the Class and California Subclass (the "Classes")

---

94.    At the time Plaintiff and Class Members purchased the Products, Defendant did not disclose, but instead misrepresented, what the Products were capable of doing, including concealing that the ingredients were not clinically proven to provide fast gas and bloating relief if taken as directed.  Defendant also falsely claimed that the No Bloat product banishes bloating.

95.    Defendant affirmatively misrepresented the Products, giving the appearance that they included clinically proven ingredients that could provide gas and bloating relief that is not possible given the ingredients and recommended dosages.

96.    Defendant also knew that its omissions and misrepresentations regarding the Products were material, and that a reasonable consumer would rely upon Defendant's representations (and corresponding omissions) in making purchasing decisions.

97.    Plaintiff and Class Members did not know—nor could they have known through reasonable diligence—about the true nature of the Products.

98.    Plaintiff and Class Members would have been reasonable in relying on Defendant's misrepresentations (and corresponding omissions) in making their purchasing decisions.

99.    Plaintiff and Class Members had a right to reply upon Defendant's representations (and corresponding omissions) as Defendant maintained monopolistic control over knowledge of the true quality of the Products.

100.   Plaintiff and Class Members sustained damages as a result of their reliance on Defendant's omissions and misrepresentations, thus causing Plaintiff and Class Members to sustain actual losses and damages in a sum to be determined at trial, including punitive damages.

## COUNT V
### (Fraudulent Inducement)
### On Behalf of the Classes

101.   Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

102.   Plaintiff brings this claim individually and on behalf of the Class and California Subclass.

103.   Defendant did not disclose, but instead concealed and misrepresented, the Products as discussed herein.

104.   Defendant knew, or should have known, that the Products were falsely portrayed and that knowledge of the true capabilities of the Products and true scientific literature backing the Products discussed throughout was withheld from the consumer public.

105.   Defendant also knew that its omissions and misrepresentations regarding the Products were material, and that a reasonable consumer would rely on Defendant's representations (and corresponding omissions) in making purchasing decision.

106.   Plaintiff and Class Members did not know—nor could they have known through reasonable diligence—about the true quality of the Products.

107.   Plaintiff and Class Members would have been reasonable in relying on Defendant's misrepresentations (and corresponding omissions) in making their purchasing decisions.

108.   Plaintiff and Class Members had a right to rely on Defendant's representations (and corresponding omissions) as Defendant maintained a monopolistic control over the Products, and what information was available regarding the Products.

109.   Defendant intended to induce—and did, indeed, induce—Plaintiff and Class Members into purchasing the Products based upon its affirmative representations and omissions.

110.   Plaintiff and Class Members sustained damages as a result of their reliance on Defendant's omission and misrepresentations, thus causing Plaintiff and Class Members to sustain actual losses and damages in a sum to be determined at trial.

## COUNT VI
### (Fraudulent Misrepresentation)
### On Behalf of the Classes

111.   Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

112.   Plaintiff brings this claim individually and on behalf of the Classes.

113.   Defendant falsely represented to Plaintiff and the Classes that the Products contained ingredients clinically proven to provide fast gas and bloating relief if taken as directed.

114.   Defendant intentionally, knowingly, and recklessly made these misrepresentations to induce Plaintiff and the Class to purchase the Products.

115.   Defendant knew or should have known that its representations about the Products were false in that the Products do not contain ingredients clinically proven to provide fast gas and bloating relief and that the Products are not capable of providing gas and bloating relief if taken as directed.  Defendant knowingly allowed its packaging, labels, advertisements, promotional materials, and websites to intentionally mislead consumers, such as Plaintiff and the Class.

116.   Plaintiff and the Class did in fact rely on these misrepresentations and purchased the Product to their detriment.  Given the deceptive manner in which Defendant advertised, marketed, represented, and otherwise promoted the Products, Plaintiff's and the Classes' reliance on Defendant's misrepresentations was

1   justifiable.

2         117.   As a direct and proximate result of Defendant's conduct, Plaintiff and

3   the Classes have suffered actual damages in that they would not have purchased the

4   Products at all had they known that the Products do not conform to Defendant's

5   advertising and marketing.

6         118.   Plaintiff and the Classes seek actual damages, attorney's fees, costs, and

7   other such relief the Court deems proper.

8                                    **COUNT VII**
                             **Breach of Express Warranty**
9                              **On Behalf of the Classes**

10        119.   Plaintiff realleges and reincorporates by reference all paragraphs alleged

11  above.

12        120.   Plaintiff brings this claim individually and on behalf of the Class and

13  California Subclass.

14        121.   Defendant, as the manufacturer, marketer, distributor, and/or seller of

15  the Products, expressly warranted that the Products contained ingredients clinically

16  proven to provide fast gas and bloating relief and that the Products would provide

17  gas and bloating relief.

18        122.   These representations and warranties are false because the scientific

19  literature does not support the claims that the Products are clinically proven to

20  provide the promised results or that the Products are capable of providing the

21  promised results if taken as directed.

22        123.   As a direct and proximate cause of Defendant's breach of express

23  warranty, Plaintiff and members of the Classes have been injured and harmed

24  because they would not have purchased the Product, or would have paid substantially

25  less for it, if they had known that the Products were not clinically proven and capable

26  of providing gas and bloating relief.  Thus, Plaintiff and members of the Classes

27

28

---

overpaid for the Product because they do not provide the results that Defendant represents.

124. On February 26, 2024, prior to filing this action, Defendant was served with a pre-suit notice letter on behalf of Plaintiff that complied in all respects with U.C.C. §§ 2-313 and 2-607. The letter advised Defendant that it breached an express warranty and demanded that Defendant cease and desist from such breaches and make full restitution by refunding the monies received therefrom.

125. As a result of Defendant's breach of warranty, Plaintiff and each Class Member suffered and continue to suffer financial damage, and are entitled to all damages, in addition to costs, interest and fees, including attorney's fees, as allowed by law.

<u>COUNT VIII</u>
**Breach of Implied Warranty**
**On Behalf of the Classes**

126. Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

127. Plaintiff brings this claim individually and on behalf of the Class and California Subclass.

128. Defendant, as the manufacturer, marketer, distributor, and/or seller of the Products, impliedly warranted that the Products contained ingredients clinically proven to provide fast gas and bloating relief and that the Products would provide gas and bloating relief.

129. These representations and implied warranties are false given that the scientific literature does not support that the ingredients in the Products are clinically proven to provide the promised results and does not support that the Products are capable of providing the promised results if taken as directed.

130. As a direct and proximate cause of Defendant's breach of implied warranty, Plaintiff and members of the Classes have been injured and harmed

because they would not have purchased the Product, or would have paid substantially less for it, if they had known that the Products were not clinically proven and capable of providing gas and bloating relief.  Thus, Plaintiff and members of the Classes overpaid for the Product because they do not provide the results that Defendant represents.

131.   On February 26, 2024, prior to filing this action, Defendant was served with a pre-suit notice letter on behalf of Plaintiff that complied in all respects with U.C.C. §§ 2-313 and 2-607.  The letter advised Defendant that it breached an implied warranty and demanded that Defendant cease and desist from such breaches and make full restitution by refunding the monies received therefrom.

132.   As a result of Defendant's breach of implied warranty, Plaintiff and each Class Member suffered and continue to suffer financial damage, and are entitled to all damages, in addition to costs, interest and fees, including attorney's fees, as allowed by law.

## COUNT IX
### (Unjust Enrichment)
### On Behalf of the Classes

133.   Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

134.   Plaintiff brings this claim individually and on behalf of the Classes.

135.   To the extent required by law, this cause of action is alleged in the alternative to legal claims, as permitted under Fed. R. Civ. P. 8.

136.   Plaintiff and Class Members conferred benefits on Defendant by purchasing the Products.

137.   Defendant was unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of the Products.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant failed to disclose that the Products were unfit for their intended purpose as they did not

contain ingredients clinically proven to provide fast gas and bloating relief and were not capable of providing gas and bloating relief if taken as directed.  These omissions caused injuries to Plaintiff and Class Members because they would not have purchased the Products if the true facts were known.

138.   Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant has been unjustly enriched in an amount to be determined at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)   For an order certifying the Class under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Class and the California Subclass and Plaintiff's attorneys as Class Counsel;

(b)   For an order declaring the Defendant's conduct violates the statutes referenced herein;

(c)   For an order finding in favor of Plaintiff, the Class, and the California Subclass on all counts asserted herein;

(d)   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)   For prejudgment interest on all amounts awarded;

(f)   For an order of restitution and all other forms of equitable monetary relief;

(g)   For injunctive relief as pleaded or as the Court may deem proper;

(h)   For an order awarding Plaintiff and the Class and California Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: June 4, 2024                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    _/s/ L. Timothy Fisher_

L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ltfisher@bursor.com
        lsironski@bursor.com
        idiaz@bursor.com

**SINDERBRAND LAW GROUP, PC**
Gregory Marc Sinderbrand (State Bar No. 179586)
5805 Sepulveda Blvd., Suite 801
Sherman Oaks, CA  91411
Telephone: (818) 3703912
Email: greg@sinderbrandlaw.com

*Attorneys for Plaintiff and the Putative Classes*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff Carol Scott who resides in Sherman Oaks, California.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Central District of California.  Additionally, Defendant transacts substantial business in this District, including purchases of the Products at issue, and Defendant advertised and marketed the Products at issue to Plaintiff in this District.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 4th day of June, 2024.

_____*/s/ L. Timothy Fisher*_____
L. Timothy Fisher